# Pearce *against* The Seminary.

After papers had been given in evidence to arbitrators, to whom the cause had been referred, the plaintiff withdrew them and all other evidence which he had given, and agreed that the arbitrators might award against him. The arbitrators did award no cause of action, from which the plaintiff entered an appeal. Held, that this was not such a withholding of the papers as contemplated by the eleventh section of the act of the 20th of March 1810, as will exclude them when offered in evidence on the trial of the cause before a jury.

APPEAL from the circuit court of *Adams* county, held by Justice SERGEANT.

This was an action on the case for work and labour, in which Nicholas Pearce was plaintiff, and the Theological Seminary was defendant. The cause was referred to arbitrators, before whom the parties appeared, and the plaintiff gave in evidence a written contract, upon which the action was founded, and some other evidence, when, upon consultation with his counsel, he withdrew the paper and all other evidence from the arbitrators, and said they might report no cause of action. The counsel for the defendant then said that he would take advantage of the circumstances on the trial of the cause if an appeal were entered; the plaintiff withdrew and the arbitrators reported no cause of action; from which award the plain-

tiff appealed.   On the trial of the cause, the plaintiff offered in evidence the same written contract, and it was objected to on the ground that it had been withheld from the arbitrators.  But Justice SERGEANT was of opinion that it was not such a withholding of a paper as would exclude it from the jury, under the provisions of the eleventh section of the act of the 20th of March 1810.   On the ground of the admission of the paper, this appeal to the supreme court was taken.

*Stevens,* for appellant, contended, that the design of the legislature was to make a proceeding before arbitrators effectual, by thus compelling the party to submit his cause to this tribunal.   But if the plaintiff may withhold or withdraw his evidence, pay the costs and appeal, and on the trial of the cause give it, and recover his claim and the very costs which he paid to entitle him to appeal, he virtually takes from his opponent the right to have his cause submitted to arbitrators.   Act of the 20th of March 1810, section 11.

*Fuller* and *M'Culloch,* contra, contended that the paper had not been withheld; but having been read to the arbitrators it was in their power, and the defendants could derive all advantages from it.  But this act of 1810, being in derogation of the common law, should be construed strictly.   Cited, Brisbane *v.* Mitchell, 8 *Serg. & Rawle* 422 ; Ex parte Davenport, 6 *Peters's Rep.* 661 ; Melody *v.* Reab, 4 *Mass.* 473 ; 1 *Kent's Comm.* 433.

The opinion of the Court was delivered by

ROGERS, J.—Whenever either party is dissatisfied with an award of arbitrators, the act of the 20th of March 1810 gives an appeal, under certain specified restrictions, with this proviso ; that the appellant shall not be permitted to produce in evidence in court any books, papers, or documents which he shall have withheld from the arbitrators.

Statutes are not to be construed to take away a common law right, unless the intention is manifest.   Nor can you deprive a citizen of a right of trial by jury, or restrict or impair that right by implication from any general language in a statute.   The constitution declares, that the trial by jury shall be as heretofore.   Again, penal statutes must be construed strictly according to the intention of the legislature.   The eleventh section of the act of 1810, in many of its restrictions, is in derogation of a common law right; the operation of the clause in question is highly penal.   It must be viewed therefore with a strict reference to the above rules of construction.   To bring a case within the act, the papers must have been in the power of the appellant when called for before the arbitrators, and voluntarily withheld from them.   Brisbane *v.* Mitchell, 8 *Serg. & Rawle* 428.   They must be in his exclusive power, for if the paper be the paper of both, and as much in the possession of one as the other, as was the case here, they cannot, although not given in evi-

·[Pearce v. The· Seminary.]

dence, be said, with any propriety, to have been *withheld* from the arbitrators. Under such circumstances no presumption can arise that the paper has not been produced with any improper motive. In strictness the papers were not withheld. They were in evidence, but for some reason which has not been explained, were withdrawn from the arbitrators. The appellee says they were withdrawn to affect the costs on the appeal ; and if so, it was a trick unworthy of the counsel who advised it, but which I am unwilling to credit without proof. Besides the object could not be effected without the defendant's counsel ; for, after the evidence was given, it could not be withdrawn by the act of one without the consent of the other. The testimony was under the control of the arbitrators. If he consented, he cannot complain ; for *consensus tollet errorem.* The defendant might also have avoided the payment of costs by directing judgment to be rendered for the amount really due.

Judgment affirmed.